# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| GABRIEL ELLIS, | : | Case No. 3:24-cv-00141 |
| Plaintiff, | : | |
| | : | District Judge Michael J. Newman |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| WRIGHT-PATTERSON AIR FORCE BASE, | : | |
| Defendant. | : | |

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. No. 1) and for an initial screen of Plaintiff's Complaint (Doc. No. 1-2) pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the undersigned Magistrate Judge grants Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. No. 1) but recommends that this matter be dismissed.

**I.      MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff, who is not currently incarcerated, has filed a Motion to Proceed Without Prepayment of Fees, or *in forma pauperis*. (Doc. No. 1.) He attests under penalty of perjury that he is currently employed at a rate of $2,500 per month and has a total of $1,611.80 in liquid assets. (*Id*. at PageID 2-3.) However, he further attests that he has monthly expenses of more than $12,000. (*Id*.)

On these facts, the undersigned concludes that Plaintiff is financially unable either to prepay the costs of this action or to give security for such costs. Accordingly, Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. No. 1) is **GRANTED**. Plaintiff is **GIVEN LEAVE** to proceed *in forma pauperis*, and all Court officers are **ORDERED** to render services in this action as if the costs of those services had been prepaid.

## II. INITIAL SCREENING OF PLAINTIFF'S COMPLAINT

### A. Legal Standard

Congress has recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (internal citation omitted). To prevent such abusive litigation, Congress has authorized this Court to dismiss *in forma pauperis* complaints that are frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is frivolous if the asserted claims lack a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A claim has no arguable basis in law if it is based on a legal interest that clearly does not exist or if the defendant is immune from suit. *Neitzke*, 490 U.S. at 327. A claim has no arguable basis in fact if the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. When reviewing a complaint for frivolity, the Court need not accept as

true allegations that are "fantastic or delusional." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citation omitted). Nevertheless, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 (applying the *Iqbal* and *Twombly* standards to dismissals for failure to state a claim under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

3

Instead, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93.

B.     Analysis

Plaintiff's claims arise from allegations dating to June 2014.[1] He asserts that individuals associated with the Wright-Patterson Air Force Base abducted him and held him captive for "2.5 million hours" – i.e., more than 285 years. (Doc. No. 1-2, PageID 8.) During this time, Plaintiff claims that the military subjected him to various forms of torture and experimentation, including "'bone-condensing' technology," "electric torture," and "green laser beam[s]." (*Id.*) He seeks $900 million in compensation for physical and psychological harm, including disfigurement and the ongoing effects of his alleged torture. (*Id.* at PageID 13.)

Because they "describe fantastic or delusional scenarios," Plaintiff's claims "lack an arguable or rational basis in fact." *Huey v. Raymond*, 53 F. App'x 329, 330 (6th Cir. 2002). The Sixth Circuit has found complaints to be frivolous when plaintiffs alleged that prison staff were conspiring to poison an inmate, *see id.*, that the plaintiff was attacked with "forms of unspecified energy and radiation," *Bartlett v. Michigan*, No. 17-02274, 2018 WL 5116347 (6th Cir. May 9, 2018), or that a correctional facility subjected the plaintiff to electrical currents, chemical agents, and experimentation, *Prince v. Ryder*, Nos. 07-2031 & 07-2050, 2008 U.S. App. LEXIS 7562 (6th Cir. Mar. 5, 2008). Plaintiff's allegations in this case are of the same caliber and are "clearly baseless."

---

[1] The undersigned notes that Plaintiff's claims are likely barred by the applicable statute of limitations. However, because those claims are subject to dismissal on other grounds, the Court need not reach that issue.

4

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Accordingly, the Complaint should be dismissed.

### III. CONCLUSION

In sum, for the reasons stated, Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. No. 1) is **GRANTED**. However, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2). The Clerk of Court is **DIRECTED** to hold service of Plaintiff's summons and Complaint until further Order of the Court.

Plaintiff is reminded that he must keep this Court informed of his current address at all times during the pendency of this action and must immediately notify the Court of any change to his address.

**IT IS SO ORDERED AND RECOMMENDED.**

> */s/ Caroline H. Gentry*
> Caroline H. Gentry
> United States Magistrate Judge

<u>Procedure on Objections</u>

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within **FOURTEEN** days after being served with this Order and Report and Recommendation ("Report"). Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the

5

objections. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).