UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GABRIEL ELLIS,

    Plaintiff,

vs.

WRIGHT-PATTERSON
AIR FORCE BASE,

    Defendant.

Case No. 3:24-cv-141

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) OVERRULING PLAINTIFF'S OBJECTIONS (Doc. No. 4); (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. No. 2); (3) DISMISSING PLAINTIFF'S COMPLAINT; AND (4) TERMINATING THE CASE ON THE COURT'S DOCKET**

---

Plaintiff brings the instant case *pro se* and *in forma pauperis* alleging, in part, that members of the Air Force have been "talking to [him] thru his house onto [his] skull call[ed] 'bone-condensing' technology." *Id*. at PageID 27. He maintains that from July to October 2024, they made him "submit to attaching said satellite frequency to [his] body…," and threatened him and his family with death by a cruise missile. *Id*. He also reports that a green civilian helicopter hovered about him, "emanating and returning to base property." *Id*. He seeks an Order requiring the Wright-Patterson Air Force Base "to remove the beam from [a] satellite, off [his] body." Doc. No. 3 at PageID 28. He also seeks protection from "the Marshals' Office" and 900 million dollars in damages. *Id*.

The case is before the Court upon Plaintiff's complaint (Doc. No. 3), the Report and Recommendation of United States Magistrate Judge Caroline H. Gentry (Doc. No. 2), and Plaintiff's objections to the Report and Recommendation (Doc. No. 4). Judge Gentry conducted

an initial review of Plaintiff's complaint as required by 28 U.S.C. § 1915(e)(2) because he is proceeding *in forma pauperis*. Doc. No. 2 at PageID 19-20. Judge Gentry recommends dismissing Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) because his claims "'describe fantastic or delusional scenarios'" and "'lack an arguable or rational basis in fact.'" Doc. No. 2 at PageID 22 (quoting *Huey v. Raymond*, 53 Fed. App'x 329, 330 (6th Cir. 2002)).

In his objections, Plaintiff adds many allegations to his complaint that do not alleviate its shortcomings. Instead, his allegations either repeat or continue in the same vein as those raised in his complaint. For example, he alleges that members of the Air Force are talking to him from a satellite, threatening him and his family with a cruise missile, causing him third-degree burns, sexually torturing him, murdering his girlfriend, flying green helicopters over him, stealing his car, subjecting him to Havanna Syndrome, and attacking him with "psychotropic weapons" inside his brain. Doc. No. 4 at PageID 37-42. To further support his objections, Plaintiff contends that a case pending in the United States District Court in Houston, Texas, Case No. 4:23-cv-1013, is just like the instant case. *Id*. at PageID 42. Plaintiff explains that the plaintiffs in that case seek to recover 1.3 billion dollars due to the Government's use of microwave weapons on United States civilians. *Id*.

The Court has reviewed *de novo*, as required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), Plaintiff's objections and all filings in this matter. Liberally construing Plaintiff's *pro se* filings in his favor,[1] *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court finds no merit in his objections. Judge Gentry's Report and Recommendation is well reasoned and cogently written, and is not "clearly erroneous or … contrary to law." 28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ.

---

[1] "Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept 'fantastic or delusional' factual allegations as true in … complaints that are reviewed for frivolousness." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (cleaned up).

2

P. 72(a). In addition, review of the federal case in Houston, Texas upon which Plaintiff relies reveals that the District Court there dismissed plaintiffs' allegations as "fantastical and, on their face, devoid of merit." *Targeted Justice, Inc. v. Garland*, No. H-23-1013, 2023 WL 4471553, at *5 (S.D. Tex. July 11, 2023) ("*Targeted Justice*"). Plaintiff correctly acknowledges that the allegations in *Targeted Justice* are "just like" his. Doc. No. 4 at PageID 42. Given this, and because Judge Gentry reached the same conclusions about Plaintiff's allegations as those reached in *Targeted Justice* (Doc. No. 2 at PageID 22-23), the well-reasoned opinion in *Targeted Justice* provides additional persuasive support for overruling Plaintiff's objections and adopting the Report and Recommendation.[2]

Accordingly, Plaintiff's objections are **OVERRULED**; the Report and Recommendation is **ADOPTED**; Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2); and this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

July 9, 2024               s/*Michael J. Newman*
                           Hon. Michael J. Newman
                           United States District Judge

---

[2] Further support exists in the plaintiffs' appeal in *Targeted Justice* where the United States Court of Appeals for the Fifth Circuit affirmed the dismissal of the plaintiff's claims, stating, "Here, the Plaintiffs similarly alleged the federal government targeted them with 'Directed Energy Weapon Attacks,' 'Voice-to-Skull' technology, electronic hacking, and 'organized stalking' due to their placement on a secret 'blacklist'…. The district court correctly dismissed these claims as frivolous." *Targeted Justice, Inc. v. Garland*, No. 23-20342, 2024 WL 1007469, at *2 (5th Cir. Mar. 8, 2024).